THE PEOPLE, RESPONDENT, *v*. ALVARADO, APPELLANT.

APPEAL from the District Court of Ponce.

No. 456.—Decided June 26, 1913.

PERJURY—CONTEMPT—RULE TO SHOW CAUSE—JURISDICTION—ACTION PENDING—
PRESUMPTION.—The fact that the rule to show cause why a party should not
be punished for contempt by perjury did not contain the necessary allegation
that the civil action in which the perjury had been committed was still pend-

ing, so as to confer jurisdiction on the lower court, cannot be successfully pleaded for the first time on appeal, for unless the contrary is proven the presumption is that the lower court acted according to law and that the civil case was still pending.

ID.—RULE TO SHOW CAUSE—OATH OF WITNESS.—The appellant contends that the recital in the rule to show cause that the accused made a solemn oath before the court to tell the truth is not sufficient to show that his testimony was given under oath. It was held that objections to such errors should be made in the court below and that the error would be cured by the evidence submitted at the trial.

ID.—CONTEMPT—EVIDENCE—MATERIALITY OF FALSE TESTIMONY.—In a summary proceeding for the punishment of perjury as contempt, in order to prove the materiality of the false testimony given by the accused in the civil action it is sufficient to present that part of the record of the civil case which tends to show such materiality and it is not necessary to offer the whole record in evidence.

NONSUIT—WAIVER.—When a defendant introduces his evidence after his motion for a nonsuit has been overruled he is understood to have waived this question.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. José A. Poventud* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

Enrique Alvarado was a witness in a civil suit begun by the corporation, Marvin & Jones, against Marcelino Torres Zayas concerning the nullity of a contract and a possessory proceeding and for the revindication of a country property, and on March 21, 1912, during the trial of the suit between the parties, gave testimony that he "had never either before or after the commencement of the aforementioned suit had any conversation with Don Jaime Seix wherein he told the latter that he had not paid any money for the purchase of the property of 34 acres claimed in that suit, nor that such property had been transferred to him by his father-in-law, Don Marcelino Torres, nor that if his father-in-law did not turn it over to Mr. Marvin, he (Alvarado) would; that he never conversed with the Mr. Seix in any sense with respect to such transfer or alienation, nor had he exchanged with said gentleman a single word about what said suit referred to; that he had not uttered a word to Mr. Seix in presence of Don Francisco Giménez on March 13, 1912, nor on any other day, where-

by he acknowledged that he had no right whatsoever to maintain such civil suit, nor has he made any declaration to Mr. Giménez acknowledging that he had made a like declaration to Mr. Seix; nor did he on the 14th of the present month talk with Mr. Giménez about the matter of the before-mentioned suit, in any manner, on the occasion when both of them were going to their respective houses in a carriage."

The foregoing declaration was considered by the trial court as perjury, and on March 25, 1912, in accordance with the law for providing a summary punishment for perjury committed in open court and approved on March 9, 1911, an order was issued that the said Enrique Alvarado should appear before the court on March 28, 1912, to show cause why he should not be punished for contempt. The trial was had on April 4, 1912, and on April 9, 1912, the court found the defendant guilty of contempt for perjury and fined him $100, or in default thereof, to undergo a day in jail for every $2 of the fine which he failed to pay.

The appeal is from this judgment and the record contains a bill of exceptions and a statement of the case, and in his brief the appellant has presented nine grounds of error. The first ground of error is lack of jurisdiction in the court. The appellant first maintains that jurisdiction is lacking because the original order contained no allegation that on the date on which the order was issued by the court the civil proceeding was still pending. This matter was not alleged in the court below, where it was properly a matter of defense, and, in the absence of any showing to the contrary, the presumption would be that the court followed the law and that the civil case was still pending.

Under the same ground of error the appellant alleged that the initial order was bad because therein it was only said that the defendant appeared and made a solemn oath before the court to tell the truth, which, so the appellant alleges, is not a sufficient allegation that his testimony was taken under oath; apparently the appellant is complaining because the

court stated more than was necessary, but in any event this is a kind of a matter for which objections must be made in the court below, and the error would be cured by the proofs submitted at the trial. There are other matters of the same kind which were cured by the proof.

The second and third errors relate to the alleged unconstitutionality of the law of March 9, 1911, which question has been disposed of by the case of *The People* v. *Valcourt,* 18 P. R. R., 471, and *The People* v. *Fourquet,* 17 P. R. R., 1037.

The fourth error alleged relates to the admission of a certificate from the secretary of the court including only the amended complaint and the answer in the civil suit, with the object of proving at the trial of the defendant the materiality of the declarations of the said defendant. The complaint and the answer, however, made the issue between the parties and was the best proof tending to show materiality of appellant's alleged false testimony. Section 850 of the Revised Statutes of the United States in regard to criminal proceedings is locally inapplicable for the same reasons that this court gave in the case of *The People* v. *Román,* 18 P. R. R., 217.

Appellant next complains because the court admitted as proof certificates made by the stenographer of the court of the testimony of the witnesses Jaime C. Seix, Francisco Giménz and Enrique Alvarado, without requiring that the whole testimony should be transcribed and certified. This evidence, it appears, was admitted without objection by the appellant, but in any event the appellant had the opportunity of presenting the rest of the proof taken in the civil trial or as much of it as he thought was necessary and pertinent.

The sixth alleged error relates to some testimony admitted by the court tending to show that the appellant had said that he stood more in fear of the memorandum of costs than of the result of the trial, and that the father-in-law was mixed up in the suit. This was a slight proof tending to show the perjury and hence was admissible; moreover, the trial was

before the court and the latter could be presumed to disregard irrelevant or immaterial testimony. *Calvo* v. *Belber,* 16 P. R. R., 342; *The People* v. *Rosado,* 16 P. R. R., 414.

The seventh assignment of error relates entirely to the failure of the court to direct a nonsuit, but upon the overruling of this motion the defendant presented proof of his own and thereby waived such question inasmuch as the matters that he alleged to be lacking were subsequently presented. For example, the *fiscal* failed to prove that Alvarado took an oath although there was testimony that he was a witness in the trial; however, the sub-secretary was subsequently sworn to show that he took the oath of the appellant. Under the same alleged error appellant discusses the materiality of the statement of Alvarado, but we think that a simple comparison of the issues in the civil case and the statement of Alvarado were sufficient to show the materiality.

The eighth assignment of error relates to the ruling of the court in refusing to admit the whole record of this suit and all the statements of the witnesses to show the immateriality of the testimony of the defendant at the civil trial. The whole record was not in itself admissible, but only such parts thereof as would tend to show the immateriality of the statements of the defendant. The appellant has made no effort to certify up the whole record, and hence we are unable to judge whether such record was necessary to the appellant or not. Moreover, we think that the materiality of this statement was shown by the comparison to which we have previously referred.

The ninth assignment of error relates to conflict in the proof, and as we see no partiality, passion, or prejudice, or grave error in the consideration of the proof there is no reason for sustaining this assignment of error.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.